IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **PERRY WARD, # A-73318,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-cv-129-SMY |
| | ) |
| **ANTHONY McCALLISTOR,** | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff, currently incarcerated at Big Muddy River Correctional Center ("BMRCC"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

This matter is before the Court on Plaintiff's motion for leave to proceed in forma pauperis ("IFP") (Doc. 2). Plaintiff seeks leave to proceed IFP in this case without prepayment of the Court's usual $400.00 filing fee in a civil case.[1] *See* 28 U.S.C. § 1914(a). Pursuant to 28 U.S.C. § 1915, a federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets together with "the nature of the action . . . and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). In the case of civil actions, a prisoner's affidavit of indigence must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at

---

[1] A litigant who is granted IFP status must pay a filing fee of only $350.00, as he is not assessed the $50.00 administrative fee for filing an action in a district court. *See* Judical Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14.

which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). If IFP status is granted, a prisoner is assessed an initial partial filing fee according to the formula in 28 U.S.C. § 1915(b)(1)(A)-(B). Thereafter, a prisoner is required to make monthly payments of twenty percent of the preceding month's income credited to the prisoner's trust fund account. *See* 28 U.S.C. § 1915(b)(2). This monthly payment must be made each time the amount in the account exceeds $10.00 until the filing fee in the case is paid. *See id*. Importantly, a prisoner incurs the obligation to pay the filing fee for a lawsuit when the lawsuit is filed, and the obligation continues regardless of later developments in the lawsuit, such as denial of leave to proceed IFP or dismissal of the suit. *See* 28 U.S.C. § 1915(b)(1), (e)(2); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998); *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997).

In this case, Plaintiff has tendered an affidavit of indigence that is sufficient as to form, but this is not the end of the matter. Pursuant to 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The statute provides further that, "[o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915A(b)(1). Under 28 U.S.C. § 1915,

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Court documents are, of course, public records of which the Court can take judicial notice. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

Review of documents filed in the electronic docket of this Court and the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov) discloses that Plaintiff was notified in an order dated April 9, 2007, that he had incurred his allotted three "strikes" under § 1915(g). *Ward v. Dart*, Case No. 07-cv-1731 (N.D. Ill., Docs. 4, 5). Plaintiff was further ordered to pay all his outstanding fees owed to the Northern District before he would be allowed to file another lawsuit there. The three strikes referenced in that April 9, 2007, order were: *Ward v. Davenport, et al*, Case No. 00-cv-327-MJR (S.D. Ill., dismissed Feb. 20, 2002, for failure to state a claim upon which relief may be granted); *Ward v. Perez, et al*, Case No. 06-cv-6616 (N.D. Ill., dismissed Dec. 14, 2006, for failure to state a claim); *Ward v. Dart, et al*, Case No. 07-cv-1731 (N.D. Ill., dismissed Feb. 28, 2007, for failure to state a claim).

Also in 2007, the following additional actions brought by Plaintiff in the Northern District during his imprisonment were dismissed pursuant to 28 U.S.C. § 1915A on the grounds that they failed to state a claim upon which relief may be granted: *Ward v. Dart, et al*, Case No. 07-cv-1068 (N.D. Ill., dismissed March 30, 2007); *Ward, et al., v. Serami, et al*, Case No. 07-cv-382 (N.D. Ill., dismissed April 30, 2007); *Ward v. Dart, et al*, Case No. 07-cv-849 (S.D. Ill., dismissed June 18, 2007). Because Plaintiff has more than three "strikes" for purposes of § 1915(g), he may not proceed IFP in this case unless he is under imminent danger of serious physical injury.

The United States Court of Appeals for the Seventh Circuit has explained that "imminent danger" within the meaning of 28 U.S.C. § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). In general, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or

ridiculous." *Id*. at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)). Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed IFP." *Id*. at 330 (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)).

In this case, Plaintiff's complaint, as well as his motion for leave to proceed IFP, are devoid of allegations that might lead the Court to conclude that Plaintiff is under imminent danger of serious physical injury. His claim is based on a single incident, on May 13, 2014, in which he and other prisoners were subjected to a strip search in the presence of female correctional officers at BMRCC. He does not allege that he was ever under any imminent danger of serious physical injury, either at the time of the incident or at the time he filed his complaint.

The Court concludes that Plaintiff has not shown that he is under imminent danger of serious physical injury so as to escape the "three-strikes" rule of § 1915(g), thus he cannot proceed IFP in this case. Therefore, it is hereby **ORDERED** that Plaintiff's motion for leave to proceed IFP (Doc. 2) is **DENIED**.

**Failure to Disclose Litigation History**

There is one more matter to be considered which affects Plaintiff's ability to proceed with this lawsuit. The Court relies on a party's litigation history listed in his or her complaint to adhere to the three-strike requirement of 28 U.S.C. § 1915(g), and thus there is a need for reliable information about prior litigation. As a result, where a party fails to provide accurate litigation history, the Court may appropriately dismiss the action for providing fraudulent information to the Court. *Hoskins v. Dart*, 633 F.3d 541, 543 (7th Cir. 2011) (dismissal

appropriate where Court-issued complaint form clearly warned Plaintiff that failure to provide litigation history would result in dismissal). *See also Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008) (termination of the suit is an appropriate sanction for struck-out prisoner who took advantage of court's oversight and was granted leave to proceed IFP); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999) (litigant who sought and obtained leave to proceed IFP without disclosing his three-strike status committed a fraud upon the court).

When Plaintiff prepared his complaint, he used this Court's pre-printed civil rights complaint form for prisoners (Doc. 1). However, he omitted the third page of the form, which instructs the inmate-litigant to provide information on his previous lawsuits. The Court's review of the electronic docket records of Plaintiff's earlier litigation disclosed another similar omission. On December 19, 2012, the Northern District dismissed Plaintiff's case in *Ward v. Baker, et al.*, Case No. 12-cv-9226, for attempted fraud on the court because Plaintiff failed to advise the court of his litigation history or the fact that he had struck out (Doc. 4 in *Ward v. Baker*). This track record indicates that Plaintiff's omission of the litigation history in his current complaint was intentional, and justifies the immediate dismissal of this case for attempted fraud on the court.

**Disposition**

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** because Plaintiff filed a motion seeking leave to proceed *in forma pauperis* in this action, while failing to disclose to the Court that he had already "struck out" within the meaning of § 1915(g) and was thus ineligible for IFP status absent a showing of imminent serious physical danger. This dismissal is without prejudice to Plaintiff re-filing his claim in a fully pre-paid action.

Plaintiff is advised that this dismissal shall not count as another "strike" under the provisions of 28 U.S.C. § 1915(g).

All pending motions are **DENIED AS MOOT**.

As noted above, Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $400.00 remains due and payable. Therefore, a separate order shall be entered to collect the filing fee from Plaintiff's inmate trust account in accordance with the formula in § 1915(b).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). Moreover, because Plaintiff has "struck out" and has not shown that he is in imminent danger of serious physical injury, this Court will not grant him permission to proceed *in forma pauperis* on appeal. Finally, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) [2] may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: March 18, 2015**

                  s/ STACI M. YANDLE
                  United States District Judge

---

[2] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. FED. R. CIV. P. 59(e).